## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PETER VIDMAR, | Case No.: 1:19-cv-00475-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | **DEFENDANT'S MOTION TO DISMISS** (Dkt. 13) |
| IDAHO POWER COMPANY, an Idaho corporation, | |
| Defendant, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** (Dkt. 22) |

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 13) and Plaintiff's

Motion for Leave to File Second Amended Complaint (Dkt. 22). Having carefully considered

the record and otherwise being fully advised, the Court enters the following Memorandum

Decision and Order:

### BACKGROUND

Plaintiff Peter Vidmar worked for Defendant Idaho Power Company for 25 years before

being fired on January 24, 2019. Plaintiff alleges that, following a safety investigation into a

2018 project involving the installation of a stream gauge on the Snake River below Hells Canyon

Dam, he was fired due to (1) a safety concern related to the project, and (2) his compromised

integrity as represented by his "shifting" answers during the safety investigation. In his

Complaint, Plaintiff suggests that any concerns (specific to him) about the project itself or the

subsequent safety investigation stemmed from his "memory issues," asserting three claims

against Defendant with this in mind: (1) disability discrimination in violation of the Americans

with Disabilities Act ("ADA") and the Idaho Human Rights Act ("IHRA"); (2) violation of the

**MEMORANDUM DECISION AND ORDER - 1**

Family Medical Leave Act ("FMLA"); and (3) negligent and/or intentional infliction of emotional distress. *See generally* First Am. Compl. (Dkt. 10).

Defendant says that Plaintiff's First Amended Complaint "fails to set forth [Plaintiff's] claims with sufficient particularity to show that he is entitled to relief as required by Federal Rule of Civil Procedure ("Rule") 8(a) and should therefore be dismissed under Rule 12(b)(6)." Def.'s Mem. ISO MTD, p. 2 (Dkt. 13-1). Specifically, Defendant argues for dismissal of (1) Plaintiff's ADA/IHRA claims for failure "to specify the predicate 'disability' [he] intends to assert, as well as failing to state required elements should he intend to assert 'actual' or 'record of' disability, and is otherwise deficiently pled"; (2) Plaintiff's FMLA claim "as insufficiently vague as to which form of FMLA claim [he] intends to assert, and is otherwise deficiently pled"; and (3) Plaintiff's negligent and/or intentional infliction of emotional distress claim(s) for failure "to sufficiently allege a claim for which relief is available and a duty or conduct supporting any such claim, and fail[ure] to assert allegations that amount to 'extreme and outrageous conduct.'" *Id*. at pp. 2-3; *see also id* at pp. 4-12. For the reasons identified below, the Court denies Defendant's Motion.

## MOTION TO DISMISS STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* Fed. R. Civ. P. 12(b)(6) (stating that party may file motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Rule 8(a). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does

**MEMORANDUM DECISION AND ORDER - 2**

not require detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading offering only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, Rule 8(a)(2), when viewed within the context of a Rule 12(b)(6) motion to dismiss, requires that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'") (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 678-79 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted).

In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *See id*. However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id*. at 680-81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations

because "they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Id.*

## DISCUSSION

**A.      Plaintiff's ADA/IHRA Claims**

Plaintiff alleges that he suffers from "memory issues" that significantly impair his day-to-day life activities and functioning, for which he receives ongoing medical attention and treatment.  *See, e.g.*, First Am. Compl., ¶¶ 13-29 (Dkt. 10).  Defendant argues that Plaintiff's claimed memory issues are insufficient threshold evidence of an ADA/IHRA claim because Plaintiff has not identified (1) the specific impairment/disability he is alleging to support these claims, (2) which or how many of the three possible statutory definitions of "disability" ("actual," "record of," and/or "regarded as") he intends to predicate his claims (assuming memory issues are even plausibly a physical or mental impairment under applicable law), and (3) how his memory issues significantly impair a major life activity.  *See* Def.'s Mem. ISO MTD, pp. 4-7 (Dkt. 13-1).  The Court disagrees.

To begin, Plaintiff specifically asserts that he "is a qualified individual within the meaning of the [ADA] based on his memory issues and because he was able to perform the essential functions of his job at Idaho Power with or without reasonable accommodation."  First Am. Compl., ¶ 29 (Dkt. 10).  He goes on to describe his disability and resulting limitations as follows:

> While employed at Idaho Power and on an on-going basis, Mr. Vidmar's memory issues significantly impaired his day to day life activities and functioning in numerous ways. Mr. Vidmar often forgets where he parked by the end of the day or has to park on the

**MEMORANDUM DECISION AND ORDER - 4**

street because he has left his parking pass in another vehicle.  Mr. Vidmar must often return home from work or activities because he has forgotten necessary items.  Mr. Vidmar routinely misplaces key documents at work and must carefully color-code files and binders and take copious notes in order to prevent losing critical information.  From time to time, Mr. Vidmar cannot remember passwords to log onto his work and personal devices and accounts and has written them down in a secure location.

*Id*. at ¶ 27.  In doing so, Plaintiff has alleged a condition that substantially limits certain life activities – namely, his inability to perform work-related tasks.  There may be more factual particulars that are relevant to the persuasiveness of his claim for liability and damages purposes, but all that is required of Plaintiff at this stage is a plausible claim entitling him to relief and that Defendant be put on notice of the same.  This he has done,[1] and Defendant's purported need for more does not upend this fact.  To the extent Defendant has questions that Plaintiff's First Amended Complaint does not answer, let alone address, discovery will allow for more thorough scrutiny (with the benefit of initial disclosures, medical witnesses, records, and deposition testimony) as provided by the Rules.[2]  These avenues adequately address Defendant's concerns vis à vis Plaintiff's ADA/IHRA claims.

**B.     Plaintiff's FMLA Claim**

To sustain an FMLA interference claim, an employee must show that (1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he was entitled to

---

[1]  To be clear, the Court is stating only that Defendant is on adequate notice of Plaintiff's ADA/IHRA claims, not that the claims would survive at summary judgment.  In this setting, therefore, Plaintiff's argument that "it would be remarkable for this Court to agree that an employee who suggests he forgets where he parks by the end of the day somehow foists the onerous obligations of the ADA on an employer" largely misses the point.  Def.'s Mem. ISO MTD, p. 7 (Dkt. 13-1).  The Court is making no such finding here, as the merits of Plaintiff's claims are not addressed here; only the sufficiency of Plaintiff's allegations to put Defendant on notice of the claims is now before the Court.

[2]  If necessary, the Court will entertain a motion from Defendant, outlining the need for more discovery (beyond what the Rules and/or the parties' Discovery Plan (Dkt. 12) permit).  At this time, however, such a request would seem unlikely in light of the nature of the case, such that any motion would need to be supported by good cause for doing so.

**MEMORANDUM DECISION AND ORDER - 5**

leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his

employer denied him FMLA benefits to which he was entitled.  *See Sanders v. City of Newport*,

657 F.3d 772, 778 (9th Cir. 2011) (citing *Burnett v. LFW Inc.*, 472 F.3d 471, 479-80 (7th Cir.

2006)).  Defendant challenges the third, fourth, and fifth elements of the prima facie case –

namely, that Plaintiff insufficiently addresses his eligibility for FMLA protections (the third

element), while "not assert[ing] the minimal, basic requirements that he requested a leave or

*otherwise even raised the potential of a need for a leave*" (the fourth and fifth elements).  Def.'s

Mem. ISO MTD, pp. 9-10 (Dkt. 13-1) (emphasis in original).  The Court disagrees.

Plaintiff has alleged that his memory issues have significantly impaired and impacted his

work and personal life.  *See supra*.  Taken as true, Plaintiff alleges a qualifying circumstance

speaking to his eligibility for FMLA protections.  Moreover, that Plaintiff may not have asked

for leave under the FMLA before being fired is not fatal to his claim.  In giving notice of intent

to take FMLA leave, "[a]n employee shall provide sufficient information for an employer to

reasonably determine whether the FMLA may apply to the leave request."  29 C.F.R.

§ 825.303(b).  An employee "need not expressly assert rights under the FMLA or even mention

the FMLA."  *Id.*; *accord Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243-44 (9th Cir.

2014).  Instead, if provided sufficient information to alert an employer that the employee may

need protected leave, the burden is on the employer to inquire as to whether the employee is

seeking FMLA leave and to "obtain the necessary details of the leave to be taken."  29 C.F.R.

§ 825.302(c); *accord Escriba*, 743 F.3d at 1244.  Plaintiff alleges:  "Idaho Power's actions in

failing to investigate and discuss with Mr. Vidmar his need to take FMLA leave based on his

memory issues constitutes conduct in violation of FMLA, 29 U.S.C. § 2615."  First Am. Compl.,

¶ 39 (Dkt. 10).  The sufficiency of this allegation may likely be tested on summary judgment on

a more developed record; until then, however, Plaintiff has adequately pled an FMLA claim.

**MEMORANDUM DECISION AND ORDER - 6**

**C.      Plaintiff's Negligent and/or Intentional Infliction of Emotional Distress Claims**

1.      <u>Negligent Infliction of Emotional Distress Claim</u>

On this claim, Plaintiff must allege (1) a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage.  *See Stanton v. Battelle Energy Alliance, LLC*, 83 F. Supp. 3d 937, 942 (D. Idaho 2015).  Defendant argues that such a claim is not available in the employment setting and, regardless, the claim should otherwise be dismissed because Plaintiff has not identified a "recognized legal duty applicable to the alleged conduct" or, relatedly, the conduct that breached any such duty.  *See* Def.'s Mem. ISO MTD, pp. 10-12 (Dkt. 13-1).

These arguments are intertwined, but neither persuades the Court that dismissal is justified.  In an analogous case, the availability of a negligent infliction of emotional distress claim in the employment context can exist where the predicate duties are supplied by either the ADA or FMLA.  *See, e.g.*, *Hilliard v. Twin Falls Cnty. Sheriff's Office*, 2019 WL 2717971, at *8-9 (D. Idaho 2019).  Here, Plaintiff argues that Defendant breached its statutory duties under the ADA and FMLA (*see supra*) and that such duties and breaches apply to support his negligent infliction of emotional distress claim.  *See* Pl.'s Resp. to MTD, p. 12 (Dkt. 16).  In turn, Plaintiff has stated such a claim.  *See Hilliard*, 2019 WL 2717971 at *9 ("Accordingly, the court will deny the motion to dismiss the NIED claim to the extent it is based on failure to alleged defendants' breach of any duty" where duties exist, in part, via ADA and FMLA).

2.      <u>Intentional Infliction of Emotional Distress Claim</u>

A claim for intentional infliction of emotional distress requires allegations that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's

**MEMORANDUM DECISION AND ORDER - 7**

emotional distress; and (4) the plaintiff's emotional distress was severe.  *See Stanton*, 83 F. Supp. 3d at 947.  Defendant argues that Plaintiff does not sufficiently allege extreme or outrageous conduct to support a claim for intentional infliction of emotional distress.  *See* Def.'s Mem. ISO MTD, p. 12 (Dkt. 13-1).  Though a closer call, the Court again disagrees.

Plaintiff's claims are tethered to his firing.  However, a firing (even if because of a disability) is not automatically extreme and outrageous conduct.  *See Hilliard*, 2019 WL 2717971 at *9.  Likewise, violations of statutory prohibitions on their own (like the ADA and FMLA) do not satisfy the extreme and outrageous element.  *See Ward v. Sorrento Lactalis, Inc.*, 392 F. Supp. 2d 1187, 1195 (D. Idaho 2005).  But, Plaintiff's allegations imply that the various circumstances leading up to his firing are sufficiently extreme and outrageous enough to warrant a claim for intentional infliction of emotional distress.  *See* Resp. to MTD, p. 13 (Dkt. 16) ("Mr. Vidmar's allegations that Idaho Power terminated a loyal, engaged, twenty-six-year employee with zero disciplinary record because he did his best to set the record straight and recall and correct details during a safety investigation could certainly constitute extremely bad behavior in the eyes of a jury.").  The Court does not need to agree that such allegations (even if proven) "certainly" constitute the extremely bad behavior needed to support an intentional infliction of emotional distress claim; rather, for the purposes of resolving Defendant's Motion, the Court need only be persuaded that such allegations plausibly support such a claim.  As is always true for threshold motions to dismiss such as this, the measure for going forward is less that what may be needed to resist a motion for summary judgment and less that what may be needed to bear the burden of persuasion at trial.

### D.    Plaintiff's Motion for Leave to File Second Amended Complaint is Moot

Plaintiff moves for leave to file a Second Amended Complaint, arguing that, in light of Defendant's arguments in support of its Motion to Dismiss, he has added a single paragraph

**MEMORANDUM DECISION AND ORDER - 8**

setting forth his "recent diagnosis of an unspecified neurocognitive disorder, 799.59 in the

Diagnostic Statistical Manual-5, based on Mr. Vidmar's significant difficulties in auditory/verbal

memory which is indicative of an underlying neurological condition resulting in a decline of his

neurocognitive functioning."  Mem. ISO Mot. to Am., p. 2 (Dkt. 22-3).  Because Plaintiff's

arguments in this respect are a function Defendant's to-this-point pending Motion to Dismiss,

and because those arguments are now resolved here, Plaintiff's Motion for Leave to File Second

Amended Complaint is denied as moot.

<u>**ORDER**</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's Motion to Dismiss (Dkt. 13) is DENIED; and

2.      Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED AS

MOOT.


DATED: July 2, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge


**MEMORANDUM DECISION AND ORDER - 9**